UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID ALLEN HUBBELL,

                Plaintiff,

      v.                                  6:07-CV-355

O.W. HUBBELL & SONS, INC., and
HUBBELL HOLDING CORPORATION,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                            OF COUNSEL:

DAVID ALLEN HUBBELL
Plaintiff Pro Se
P.O. Box 171
Fort Walton Beach, Florida 32549

HODGSON RUSS L.L.P.              RICHARD L. WEISZ, ESQ.
Attorneys for Defendants
677 Broadway
Albany, New York 12207

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. BACKGROUND

      Plaintiff David Allen Hubbell ("plaintiff") brings this action against defendant O.W. Hubbell & Sons, Inc., and Hubbell Holding Corporation ("defendants") for copyright infringement under Title 17 of the United States Code. Plaintiff, acting pro se, has filed a slew of motions since commencing this action approximately ten months ago. There are four pending motions: a motion for partial summary judgment (Docket No. 24); a motion for finding defendants in contempt of a preliminary injunction issued on August 22, 2007 (Docket

No. 52); a motion for a subpoena (Docket No. 36); and a motion to direct defendant to provide "third party proof of service time-stamp on mailed correspondence" (Docket No. 35).

Much of the factual background set forth in a concurrently filed memorandum-decision and order in the related patent infringement action, Hubbell v. O.W. Hubbell & Sons, Inc., 6:07-CV-109 (N.D.N.Y.), is relevant to this action. Thus, some familiarity with the factual background is presumed. In addition, it should be noted that this copyright infringement action is based on plaintiff's allegation that his copyrighted works appeared on the Structures of Ironwood, Inc. ("SOI") website without his permission. Specifically, plaintiff asserts that several drawings and photographs that appear or appeared on SOI's website are derivative of his copyrighted works. Also, Hubbell Holding Corporation, O.W. Hubbell's appropriately named holding corporation, is a named defendant in this action whereas it is not a named defendant in the patent infringement action.

## II. DISCUSSION

### A. Motion for Partial Summary Judgment

Plaintiff moves for summary judgment on defendants' First, Second, and Third Counterclaims, as well as its Second, Third, Seventh, Eighth, Ninth, and Tenth Affirmative Defenses.

Summary judgment is granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986); Silver v. City Univ. of New York, 947 F.2d 1021, 1022 (2d Cir. 1991). The court will not try issues of fact on a motion for summary judgment, rather it will determine "whether the evidence presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided

that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." Rodriguez v. City of New York, 72 F.3d 1051, 1060-61 (2d Cir. 1995). A material fact is one that would "affect the outcome of the suit under the governing law," and a dispute about a genuine issue of material fact occurs if the evidence is such that "a reasonable [factfinder] could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248, 106 S. Ct. at 2510; R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 57 (2d Cir. 1997). In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986); Gibbs-Alfano v. Burton, 281 F.3d 12, 18 (2d Cir. 2002).

### 1. Counterclaims

Plaintiff moves for summary judgment dismissing defendants' First, Second, and Third Counterclaims on the ground that there is no evidence that he consented to defendants' use of his copyright. However, defendants have produced an email from plaintiff in which he states that he "extended a verbal, retractable license to [his] Intellectual Property to Daniel Hubbell's northern operation." (D.M. Hubbell Aff. Ex. C.) This alone raises questions of material fact as to whether plaintiff consented to defendants' use of the copyright. Therefore, plaintiff's motion for summary judgment dismissing defendants' First, Second, and Third Counterclaims will be denied.

### 2. Affirmative Defenses

Plaintiff also seeks to have defendants' Second, Third, Seventh, Eighth, Ninth, and Tenth Affirmative Defenses stricken. Motions to strike affirmative defenses are generally disfavored as they usually serve only to delay. See Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). In this case, plaintiff's motion to strike defendants' affirmative defenses would only serve to delay. Moreover, plaintiff offers no coherent or persuasive arguments in favor of striking any of the aforementioned Affirmative Defenses. Therefore, plaintiff's motion for summary judgment striking defendants' Second, Third, Seventh, Eighth, Ninth, and Tenth Affirmative Defenses will be denied.

### B. Other Motions

Plaintiff moves for finding defendants in contempt of the preliminary injunction on the ground that photographs derivative of his copyrighted works are still posted on SOI's website. However, plaintiff has failed to show by clear and convincing evidence, see Paramedics Electromedicina Comerical, Ltda. v. G.E. Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004), that the photographs are derivative of his copyrighted works, or that their posting on SOI's website constitutes a violation of the preliminary injunction. Therefore, plaintiff's motion for finding defendants in contempt of the preliminary injunction will be denied.

Finally, plaintiff's motions for a subpoena and to direct defendant to provide "third party proof of service time-stamp on mailed correspondence" will be denied.

### III. CONCLUSION

Accordingly, it is

ORDERED that

1. Plaintiff's motion for partial summary judgment (Docket No. 24) is DENIED;

2. Plaintiff's motion for finding defendants in contempt of the preliminary injunction (Docket No. 52) is DENIED;

3. Plaintiff's motion for a subpoena (Docket No. 36) is DENIED; and

4. Plaintiff's motion to direct defendant to provide "third party proof of service time-stamp on mailed correspondence" (Docket No. 35) is DENIED.

IT IS SO ORDERED.

*[signature]*
United States District Judge

Dated: February 26, 2008
      Utica, New York.