UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID ALLEN HUBBELL,

                Plaintiff,        6:07-CV-0355
                                     (DNH)(GHL)

   v.

O.W. HUBBELL & SONS, INC., et al.,

                Defendants.
_____

APPEARANCES:

DAVID ALLEN HUBBELL
  Plaintiff, *Pro Se*
P.O. Box 171
Ft. Walton Beach, FL 32549

HODGSON RUSS LLP                              RICHARD L. WEISZ, ESQ.
  Counsel for Defendants
677 Broadway, Suite 301
Albany, NY 12207

GEORGE H. LOWE, UNITED STATES MAGISTRATE JUDGE

## ORDER

     In this action, Plaintiff alleges that Defendants infringed his copyright by distributing DVDs and CDs containing the copyrighted work, publishing the copyrighted work on a website and distributing hard copies of the work. (Dkt. No. 1 at ¶¶ 17, 24.) Before the Court is Plaintiff's motion for an Order compelling Defendants "to provide full, truthful, complete, and guileless answers to this pro se Plaintiff's Interrogatory Numbers 1 thru (sic) 10." (Dkt. No. 39.) Defendants have opposed the motion. (Dkt. No. 43.) For the reasons discussed below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.      APPLICABLE LAW**

Parties may obtain discovery of any matter, not privileged, that is relevant to the "claim or defense of any party." Fed. R. Civ. P. 26(b)(1). A party resisting discovery has the burden of showing "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence revealing the nature of the burden." *Compagnie Francaise d' Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.,* 105 F.R.D. 16, 42 (S.D.N.Y.1984) (quoting *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296-97 [E.D.Pa.1980] )(internal citations omitted). In order to satisfy its burden, the resisting party must do more than " 'simply inton[e the] familiar litany' that the interrogatories are burdensome, oppressive or overly broad" and must "clarify and explain its objections and [ ] provide support therefor." *Id.* at 42-43.

**II.     PRELIMINARY ISSUES**

In their response to the motion Defendants have referenced the need for a confidentiality order. The Court agrees and directs Defendants to provide Plaintiff with a proposed confidentiality order within one week of their receipt of this Order. The parties then are to confer in good faith in an attempt to stipulate to a confidentiality order. Within three weeks of their receipt of this Order Defendants are to advise the Court in writing as to the status of the good faith efforts to stipulate. There need not be any compliance with the discovery that is ordered below until ten days after a confidentiality order has been signed and filed by the Court.

In addition, Defendants may, if they choose, comply with the discovery that is ordered

below by producing business records, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

## III.   DISCUSSION

### A.   Verifications

Plaintiff's first seven interrogatories are directed to "Defendant Hubbell Holding Corp.'s Corporate Secretary". The eighth and ninth interrogatories are directed to "Defendant Hubbell Holding Corp.'s Chief Financial Officer". The tenth interrogatory is directed to "Defendants".

All of the responses were verified by Daniel Merritt Hubbell, President of O.W. Hubbell & Sons, Inc. and Hubbell Holding Corp. Plaintiff agues that this was inappropriate. (Dkt. No. 39, Pt. 2.)

An interrogatory may be directed to "any other party." Fed. R. Civ. P. 33(a). When the party is a corporation, "any officer or agent" may respond. *Id.* Here, Plaintiff could not properly direct interrogatories to the "corporate secretary" and the "chief financial officer" because they are not parties.

Defendants properly construed all of the interrogatories as having been served on Hubbell Holding Corporation and selected the corporation's president to respond. Although Plaintiff may have preferred to receive responses from the corporate secretary and the chief financial officer, the party serving interrogatories on a corporation has no right to select the particular officer or agent to respond to the interrogatories. *See Holland v. Minneapolis-Honeywell Regulator Co.,* 28 F.R.D. 595 (D.Colo.1961); *Wirtz v. I.C. Harris & Co.,* 36 F.R.D. 116, 117 (E.D.Mich.1964) (Parties serving interrogatories may not select particular person and

3

direct that interrogatories be answered by such person where such person is not a party); *Law v. NCAA,* 167 F.R.D. 464, 475-76 (D.Kan.1996) (Under FRCP 33(a), although interrogatories must be served on party, party served has discretion in selecting officer or agent who is to answer them and verify answers; it is clear that whoever answers interrogatories, answers must include whatever information is available to party.)  Accordingly, the verification is appropriate, and the motion to compel a different verification is **DENIED**.

### B. Interrogatory No. 1

The first interrogatory asks for the corporate secretary's full name, title in Hubbell Holding Corporation, titles in other business organizations, the locations and telephone number of each office, the date the respondent assumed the title, the names and tenure dates of the respondent's predecessors, and the fictitious names of Hubbell Holding Corporation and any other business organization in which the respondent holds a title.

Defendants objected on four grounds: (1) the time period of the interrogatory should be limited to the "time period prior to Plaintiff's revocation of his verbal authority given to Defendant(s) to use his intellectual property, which did not take place prior to July 31, 2006"; (2) the interrogatory "seeks production of highly confidential and/or propietary business information without a protective Order or Confidentiality Agreement; (3) the interrogatory seeks information that is not relevant and is not reasonably calculated to lead to discovery of admissible evidence; and (4) the interrogatory is overly broad, unduly burdensome and oppressive.

Despite their objections, Defendants answered that O.W. Hubbell & Sons, Inc. is the owner of Cable Guide Railing Corp. and has done business under the name Hubbell Galvanizing.  Defendants further answered that the officers of O.W. Hubbell & Sons, Inc. are Dan Hubbell

4

(CEO and President), Jonathan Hubbell (Vice-President), and Ann Hubbell (Secretary).

In opposition to the motion to compel, Defendants state that "Plaintiff asked for the full name and title of the officers of O.W. Hubbell & Sons, Inc. The answers were given and signed by Defendants' counsel and verified by Daniel Merritt Hubbell. Defendants do not understand Plaintiff's assertion that the response is inadequate." (Dkt. No. 43 at 1.)

Certain of the information sought in Interrogatory No. 1 is relevant to Defendants' seventh and eighth affirmative defenses, which assert that Defendants do not have the "right and ability to supervise the users of the structuresofironwood.com website" and that Defendants do not "control or operate the structuresofironwood.com website." (Dkt. No. 6 at ¶¶ 66-67.) If the corporate secretary of Hubbell Holding Corp. also plays a role in Structures of Ironwood, that fact could lead to the discovery of admissible evidence that Defendants supervise, control or operate the website. Therefore, Defendants are directed to respond with the full name of the Corporate Secretary, that person's titles in Hubbell Holding Corporation, the dates that he or she assumed these titles, and the names and tenure dates for any Corporate Secretary of Hubbell Holding Corporation who preceded him or her, from January 1, 2000, to the present. In addition, Defendants should state whether the Corporate Secretary has or had any titles in Structures of Ironwood, and, if so, what the titles are, or were, and the dates. In all other respects, the motion to compel a response to Interrogatory No. 1 is **DENIED**.

  **C. Interrogatory No. 2**

The second interrogatory requests the names and dates of representation of "legal representatives that have provided legal services and/or advice" to Hubbell Holding Corporation or any business organization listed in the response to Interrogatory No. 1 from January 1, 2000,

to the present.

Defendants objected on the same four grounds they asserted in response to Interrogatory No. 1. Defendants also objected that the information sought was privileged under the attorney-client privilege and the work product doctrine.

In opposition to the motion to compel, Defendants argue that the interrogatory "is not relevant to the infringement issue. Furthermore, it is respectfully submitted that directing a corporation to identify every law firm it ever retained is onerous and unduly burdensome and would not lead to information germane to the issues in this case." (Dkt. No. 43 at 2.)

The interrogatory is relevant if Defendants intend to offer an "advice of counsel" defense[1]. Therefore, Plaintiff's motion to compel a response to Interrogatory No. 2 is **GRANTED IN PART**. If Defendants intend to proffer on any issue an opinion of counsel, Defendants are to provide the names and addresses of the attorneys who provided such opinion. In all other respects the motion is **DENIED**.

**D.     Interrogatory No. 3**

The third interrogatory requests "the names and dates of tenure of all Directors, Officers, shareholders and board members, since January 1, 2000, of Hubbell Holding Corporation, Hubbell Holding Corporation subsidiaries (and) Hubbell Holding Corporation divisions. Include the fictitious corporate names of Hubbell Holding Corporation in researching and rendering your answer."

---

[1] For instance, to support their affirmative defenses that Plaintiff does not own a federal copyright registration for the disputed drawing (Dkt. No. 6 at ¶ 61), that the posting on the website was a "fair use' (Dkt. No. 6 at ¶ 62) or that any infringement was innocent. (Dkt. No. 6 at ¶ 63)

Defendants objected on the same four grounds asserted in response to Interrogatory No. 1. Despite their objections, Defendants responded that "(t)he sole shareholder of Defendant O.W. Hubbell & Sons, Inc. is Hubbell Holding Corp.  O.W. Hubbell & Sons, Inc. is the sole shareholder of Cable Guide Railing Corp.  The current officers of Defendant Hubbell Holding Corp. are as stated in Defendant's response to Interrogatory No. 1 above.  Prior to his death, Plaintiff's father, Allen W. Hubbell, was CEO of O.W. Hubbell & Sons, Inc."

In opposition to the motion to compel, Defendants argue that they have "responded ...and the answer is verified by Daniel Merritt Hubbell.  Plaintiff asserts that the answer is not responsive.  Defendants do not understand Plaintiff's assertion."  (Dkt. No. 43 at 2.)

Defendants are directed to provide the names, and dates of tenure, since January 1, 2000, of the directors and officers of Hubbell Holding Corporation, O.W. Hubbell & Sons, Inc. and Cable Guide Railing Corporation.  They also are to identify, for the period since January 1, 2000, the shareholders of Hubbell Holding Corporation.  In all other respects the motion is **DENIED**.

### E. Interrogatory No. 4

The fourth interrogatory requests the names of any lawyers or law firms that Hubbell Holding Corp., its subsidiaries or its divisions paid for legal services from January 1, 2000, to the present.  Plaintiff states that he is seeking only the names of the lawyers and/or law firms, not the amounts they were paid and that "(t)he timing of Defendants' search for competent intellectual property counsel specializing in registered copyright matters directly bears on Defendants' status in regard to willful infringement."  (Dkt. No. 39, Pt. 2 at 9-10 ¶ 12.)  Defendants objected on the same grounds asserted in response to Interrogatory No. 2.  In light of the information that Defendants will provide in response to Interrogatory No. 2, the motion is **DENIED**.

### F. Interrogatory No. 5

The fifth interrogatory requests information about the Allen W. Hubbell Trust.

Defendants objected on the same grounds asserted in response to Interrogatory No. 2.

Plaintiff moves to compel a response to Interrogatory No. 5. Plaintiff argues that the information sought is relevant:

> since Hubbell Holding Corporation is owned by an entity called Allen W. Hubbell Trust. This makes AWH a party to this action ... Any information on who is in control of said Trust and its Lawyers and Firms is not without relevance to Plaintiff's Discovery since identification of Parties in a lawsuit is relevant to Plaintiff's claims ... A Trust that owns properties such as Hubbell Holding Corporation is then considered a corporation for all intents and purposes since AWH directly benefits, profits from the Defendants piracy infringement of SPLICE. Request of individual members is also relevant since for instance is Plaintiff suing his own children or himself? Since the Defendants have not shared any of this information Plaintiff is not aware of all the potential parties to this action.

(Dkt. No. 39 at 7.) Accordingly, Plaintiff argues that the interrogatory is relevant to any "advice of counsel" defense asserted by Defendants. (Dkt. No. 39 at 6.)

Defendant argues that the requested information "is not relevant to the issues in this infringement action." (Dkt. No. 43. at 2.) Defendants appear to be correct. Therefore, Plaintiff's motion to compel responses to Interrogatory No. 5 is **DENIED**.

### G. Interrogatory No. 6

The sixth interrogatory requests a list of all trade shows, fairs, meetings and exhibitions at which Defendants' representatives distributed CDs and DVDs regarding the disputed product.

Defendants objected on the same grounds asserted in response to Interrogatory No. 1. Despite the objections, Defendants responded that "a trade show was held in October, 2006 for the New York State County Highway Superintendents Association, an annual conference was held in September of 2006 for the New York Association of Town Superintendents of Highways, Inc., and a trade show was held on May 15, 2007 for the New York State Association of Transportation Engineers. Presentations were made to New York State and various counties in Central and Western New York State in September and October of 2006 and January through March of 2007. Meetings were conducted with U.S. Federal and Canadian Transportation Government Agencies and the dates thereof are being sought by defendants and will be produced."

Defendants are directed to confirm that this answer is fully responsive for the period from July 1, 2006, to the present. Otherwise, the motion is **DENIED**[2].

### H.      Interrogatory No. 7

The seventh interrogatory requests a list of recipients to whom Defendants sent CDs or DVDs regarding the disputed product.

Defendants objected on the same grounds asserted in response to Interrogatory No. 1.

In his Affidavit in Support of Plaintiff's Motion to Compel (Dkt. No. 39, Pt. 2), Plaintiff states that "(d)istribution by Defendants of CDs and DVDs containing Plaintiff's registered copyrighted creative works ... is one of the three infringement methods explicitly stated in Plaintiff's Complaint, the other two being the distribution of hardcopy infringing materials and

---

[2] If Plaintiff disputes Defendants' assertion "that they had consent to use the copyright through at least July 31, 2006" (Dkt. No. 43 at 2) he is to so advise the Court in writing within ten days of his receipt of this Order.

the other being distribution over the internet via one or more websites.  Plaintiff's interrogatory is relevant to Plaintiff's Complaint, is reasonable and the Defendants' Lawyer's 'answer' is completely non-responsive."  (Dkt. No. 39, Pt. 2 at 12 ¶ 15.)

In their opposition to the motion to compel, Defendants argue that "Plaintiff asked for a list of everyone who received information about the Ironwood product.  This apparently is not limited to just those who may have reviewed the alleged infringing copyright and is therefore burdensome.  Also, there is no time period set further (sic) in the demand.  Finally, Plaintiff competes with Defendants and this appears to be an attempt by Plaintiff to obtain Defendants' customer list for purposes beyond this litigation."  (Dkt. No. 43 at 2.)

Defendants have not set forth any facts supporting their conclusory claims that answering this interrogatory would be burdensome.  They are directed to provide Plaintiff with a list of all persons and entities, with addresses, whom Defendants caused to receive CDs or DVDs containing information on the wood and steel guardrail identified as the "Ironwood" product, from July 1, 2006, to the present[3].  In all other respects, the motion is **DENIED**.

### I.     Interrogatory No. 8

Interrogatory No. 8 requests all  "financial transactions, including General Ledger notes, since January 1, 2006, to the present" between Defendants and Quadsimia LLC, which apparently maintains the website on which the infringement allegedly occurred.

Defendants asserted the same objections asserted in response to Interrogatory No. 1.

In opposition to the motion to compel, Defendants argue that "Plaintiff seeks all financial information regarding all of Defendant's companies.  This is not limited to transactions

---

[3]     See footnote "1" above.

involving the products shown on the alleged infringing copyright and is therefore unduly burdensome. Furthermore, since this is confidential information, any material released should be subject to a protective order limiting Plaintiff's use of this information to the trial of the issue at hand. Plaintiff's interrogatory seeking a response from Quadsimia, LLC should be directed to it, not Defendants." (Dkt. No. 43 at 2.)

Defendants overstate the scope of the interrogatory. The interrogatory does not seek "all financial information regarding Defendants' companies." It seeks to discover whether Defendants had financial dealings with the company that apparently maintains the website on which the infringement allegedly occurred. For the period since January 1, 2006, Defendants are directed to provide Plaintiff with a list, by date and amount, of payments made to Quadsimia LLC. In all other respects the motion is **DENIED**.

**J.    Interrogatory No. 9**

Interrogatory No. 9 requests the names and dates of contacts between Hubbell Holding Corp. or its affiliates and "Quadsimia LLC employees ... for the time period of December 1, 2006, to the present."

Defendants objected on the same grounds asserted in response to Interrogatory No. 1.

In opposition to the motion to compel, Defendants argue that "Plaintiff seeks disclosure of every contact with representatives of Quadsimia LLC. Defendants do not understand what is a 'contact' - is it an inovice, an email, a telephone call, a meeting - and is the Interrogatory limited to 'contacts' involving the website on which the alleged infringing documents were displayed or all other business between Defendants and Quadsimia, LLC? " (Dkt. No. 43 at 2-3.)

This Interrogatory is obviously overbroad. The motion is **DENIED**.

### K.     Interrogatory No. 10

The tenth interrogatory requested "the Insurance Companies/Carriers Defendants have used for any insurance coverage during the time period 2000 to 2007 for the Companies O.W. Hubbell and Sons, Inc., Hubbell Holding Corporation, and Cable Guide Railing Corporation. Include all companies including One Beacon. Include start and end dates of coverage.

Defendants responded "CNA Insurance Company."

Plaintiff does not address this interrogatory in his Notice of Motion to Compel.  (Dkt. No. 39.)  In his Affidavit in Support of Plaintiff's Motion to Compel (Dkt. No. 39, Pt. 2), Plaintiff argues that "Thru (sic) Defendants' Response to Plaintiff's Motion for Partial Summary Judgment's Statement of Facts, we now know that Defendants' Lawyer's ... 'answer' for the Defendants is an intentional attempt at distraction.  We now know that Defendants, completely contrary to their initial, mandatory Rule 26 disclosures in which Defendants claim 'NO' insurance, are or were covered by Peerless Insurance whose policy does, specifically, cover copyright infringement over the internet." (Dkt. No. 39, Pt. 2 at 14-15 ¶ 18.)

Defendants argue that they "have provided copies of a denial of coverage letter from Peerless Insurance Company for the dates alleged in the Complaint for copyright infringement in opposition to Plaintiff's motion for partial summary judgment.  CNA Insurance Company provides worker's compensation coverage to Defendants."  (Dkt. No. 43 at 3.)

Defendants have answered this Interrogatory except they have not provided the start and end dates for the coverage provided by CNA Insurance Company, and they are directed to do so.

In all other respects, the motion is **DENIED**.

    **IT IS SO ORDERED**

Dated: March 28, 2008
       Syracuse, New York.

                                              George H. Lowe
                                              United States Magistrate Judge